Filed 6/23/21  P. v. Ortega CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D078226 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD152560) |
| RICARDO ORTEGA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed.

Ricardo Ortega, in pro. per.; and Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2001, a jury convicted Ricardo Ortega of first degree murder (Pen. Code,[1] § 187, subd. (a)).  Ortega was sentenced to an indeterminate term of 25 years to life in prison.  Ortega appealed and this court affirmed the

---

[1]     All further statutory references are to the Penal Code.

judgment in an unpublished opinion filed November 26, 2002. (*People v. Bonilla, et al.* (Nov. 26, 2002, D037882) nonpub. opn.].)

In 2019, Ortega filed a petition for resentencing under section 1170.95. The trial court appointed counsel, received briefing, reviewed the record of conviction and this court's prior opinion. The court found Ortega was a direct perpetrator and that the jury was not instructed on felony murder or natural and probable consequences. Accordingly, the court found Ortega had not stated a prima facie case for relief under section 1170.95 and denied the petition.

Ortega filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. Ortega has responded with a very brief statement of two facts regarding the trial court's actions. We will discuss Ortega's supplemental filing below.

STATEMENT OF FACTS

Ortega's brief has a summary of the facts of the offense as set forth in our prior opinion. We incorporate that summary here for background.

*Basis of Petition - Original Guilt Proceedings*

The petition was based on Ortega's April 2, 2001 conviction of first degree murder.

On August 9, 2000, the San Diego County District Attorney filed an information charging Ortega and Gabriel Miguel Bonilla with the 1999 murder of Eric H. (§ 187, subd. (a).) The information further alleged that Ortega had suffered three prior prison terms. (former § 667.5, subd. (b).)

2

On April 2, 2001, following a joint trial with separate juries, Ortega was found guilty of first degree murder.[2] The same day, the trial court made true findings on the prior conviction allegations. On April 26, 2001, after striking one of the prior prison terms, Ortega was sentenced to 25 years to life for murder, enhanced by two years.

Ortega appealed. In an opinion filed November 26, 2002, (*People v. Bonilla et al.*, *supra*, D037882), this court affirmed the judgment.

The opinion recounted the facts, in relevant part, as follows:

In April 2000, Eric's body was found in a shallow grave in codefendant Bonilla's back yard. The grave was covered by plywood and an engine block. Inside were pockets of muriatic acid and a black and yellow screwdriver. Eric's blood was found in Bonilla's garage, a short distance from the grave.

The cause of death was determined to be multiple sharp-force injuries to the neck. The screwdriver could have caused the stab wounds on the victim's neck, but not the cuts. Eric was determined to have died six to eight months before his body was found.

Bonilla and Ortega were linked to the homicide by statements they made to others. As relevant here, Bonilla, while in custody, told his uncle, Charles McCoy, that he, Bonilla, and another male, Martinez, jumped on Eric. Bonilla held Eric down while Martinez stabbed him.

Ortega also talked to an inmate, Gregory Sherman, when he was in custody. Ortega asked Sherman, a "jailhouse lawyer," for advice. Ortega said he, Bonilla, and Martinez were inside Bonilla's garage with Eric and a number of other people. The trio talked about killing Eric, who was not well liked. The discussion ended when Eric left the garage. When Eric returned

---

[2]     Codefendant Bonilla also was found guilty of first degree murder.

3

some time later, the trio killed him near a sink in the garage and then buried Eric in Bonilla's back yard.

Ortega also talked about the incident with his friend, Ray Lara. Lara had driven Ortega to Bonilla's house on the day of the homicide. While Lara waited outside, Ortega went inside. He had a black and yellow screwdriver in his back pocket. When Ortega came back outside, he had a large spot of blood on his shirt. Ortega said he was going to stay and help Bonilla.

About a week later, Ortega told Lara that he and Bonilla were in the garage with some guy who owed them too much money. Bonilla cut the guy's throat and Ortega stabbed him. Ortega and a third person dug a hole, and Bonilla threw the body in and parked a truck over it.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal.

1. Whether the trial court erred in denying Ortega's petition for relief under section 1170.95 at the second prima facie stage of review without the issuance of an order to show cause and evidentiary hearing; and

2. Whether the trial court's denial of Ortega's petition constituted prejudicial error.

In his supplemental response, Ortega made two statements. First, he noted the trial court referred to him as "appellant" when the court appointed counsel, but the court did not issue an order to show cause or hold an evidentiary hearing. Second, Ortega noted the jury in his case was not instructed on natural and probable consequences. We are not sure what

4

Ortega's point is in reciting these facts, but whatever the purpose, his submission does not raise any arguable issues for reversal on appeal.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Ortega on this appeal.

DISPOSITION

The order denying Ortega's petition for resentencing under section 1170.95 is affirmed.


HUFFMAN, J.

WE CONCUR:



BENKE, Acting P. J.



HALLER, J.